IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON FERM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRK BRANDS, INC.; FIRST ALERT;<br>ANSUL FIRE PROTECTION;<br>UNDERWRITERS LABORATORIES, INC.;<br>DOES 1 through 40, inclusive,<br><br>　　　　　Defendants. | 2:06-cv-0054-GEB-PAN (JFM)<br><br>STATUS (PRETRIAL<br>SCHEDULING) ORDER |

　　　　The status (pretrial scheduling) conference scheduled in this case for April 17, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

### DOE DEFENDANTS

　　　　The JSR indicates that Plaintiff expects to discover the identities of Doe defendants within 120 days. (JSR at 2.) Plaintiff has until August 7, 2006, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action. The motion must be noticed for hearing on

1

1  the Court's earliest available law and motion date.  If leave is not
2  sought as stated, this will automatically effectuate dismissal of
3  Does 1 through 40 from this action.

###           SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

5           In the JSR, Plaintiff requests leave to perfect service on
6  the one remaining named Defendant, Ansul Fire Protection, within 60
7  days.  Accordingly, Plaintiff is to serve Ansul Fire Protection within
8  60 days from the date on which this Order is filed.  If service of
9  process is not perfected as stated, this will automatically effect
10 dismissal of Ansul Fire Protection from this action.
11          No further service, joinder of parties, or amendments to
12 pleadings is permitted, except with leave of Court, good cause having
13 been shown.

###                        SERVICE OF STATUS ORDER

15          If, pursuant to the leave given above, Plaintiff substitutes
16 a named defendant in place of a Doe defendant and/or serves Ansul Fire
17 Protection, Plaintiff shall concurrently with the service of process
18 serve the named defendant and/or Ansul Fire Protection with a copy of
19 this Order.
20          The newly named defendant and/or Ansul Fire Protection shall
21 have thirty days after said service within which to file a "Notice of
22 Proposed Modification of Status Order."  A hearing on the Notice will
23 be scheduled, if necessary.  Although newly named defendant's and/or
24 Ansul Fire Protection's proposed modification filed within this thirty
25 day period will not have to meet the good cause standard, no further
26 amendments will be permitted except with leave of Court, good cause
27 having been shown.
28 /////

#### DISCOVERY

All discovery shall be completed by February 28, 2007.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before September 28, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before October 30, 2006.

#### MOTION HEARING SCHEDULE

The last hearing date for motions shall be April 30, 2007, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u>  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  in the granting of that motion if the movant shifts the burden to the
2  nonmovant to demonstrate a genuine issue of material fact remains for
3  trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).
4        Absent highly unusual circumstances, reconsideration of a
5  motion is appropriate only where:
6        (1)  The Court is presented with newly discovered evidence
7  that could not reasonably have been discovered prior to the filing of
8  the party's motion or opposition papers;
9        (2)  The Court committed clear error or the initial decision
10 was manifestly unjust; or
11       (3)  There is an intervening change in controlling law.
12 A motion for reconsideration based on newly discovered evidence shall
13 set forth, in detail, the reason why said evidence could not
14 reasonably have been discovered prior to the filing of the party's
15 motion or opposition papers.  Motions for reconsideration shall comply
16 with Local Rule 78-230(k) in all other respects.
17       The parties are cautioned that an untimely motion
18 characterized as a motion in limine may be summarily denied.  A motion
19 in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

21       The final pretrial conference is set for June 25, 2007, at
22 2:30 p.m.  The parties are cautioned that the lead attorney who WILL
23 TRY THE CASE for each party shall attend the final pretrial
24 conference.  In addition, all persons representing themselves and
25 appearing in propria persona must attend the pretrial conference.
26       The parties are warned that non-trialworthy issues could be
27 eliminated *sua sponte* "[i]f the pretrial conference discloses that no
28 material facts are in dispute and that the undisputed facts entitle

4

one of the parties to judgment as a matter of law." Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[3] The joint pretrial statement shall specify the issues for trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

5

claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for September 25, 2007, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated:  April 6, 2006

                      <u>/s/ Garland E. Burrell, Jr.</u>
                      GARLAND E. BURRELL, JR.
                      United States District Judge